IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEFARRON KEITH HILL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1123-D |
| | § | |
| WMC MORTGAGE CORP. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant WMC Mortgage Corp. ("WMC") has filed a motion for summary judgment in this *pro se* civil action alleging race discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and breach of contract under Texas law. For the reasons stated herein, the motion should be granted.

I.

On or about May 21, 2003, Plaintiff Defarron Keith Hill, an African-American, interviewed for a job with WMC at its office in Addison, Texas. (Def. MSJ App., Exh. B at 1, ¶¶ 3-4 & Exh. A-1).[1] At that interview, Vivian Forr allegedly told plaintiff that his employment would be guaranteed for the first year and that he "would not suffer termination so long as he obeyed the rules of the company." (Plf. First Am. Pet. at 3, ¶ 7). Plaintiff eventually was offered a position as an Internal Sales Support Representative. (Def. MSJ App., Exh. A-2). The offer letter, dated June 6, 2003, states in pertinent part:

---

[1] WMC is a wholesale mortgage company with offices in California, Texas, Florida, and New York. The company does not make loans directly to consumers. Instead, it works with loan brokers who provide business to WMC. (*See* Def. MSJ App., Exh. A at 2, ¶ 4).

> The preceding terms of your employment are not a contract, and do not supercede the fact that WMC Mortgage Corp. hires its employees on an at-will basis. At-will means that either you or WMC Mortgage Corp. can terminate the employment relationship at anytime, for any reason and without giving notice.

(*Id.*). Plaintiff signed the letter acknowledging and agreeing to the terms thereof. (*Id.*).

Shortly after commencing his employment on June 16, 2003, plaintiff began to experience problems with his supervisors and outside brokers. The most troublesome and recurring complaint was that plaintiff was abusive, rude, and unhelpful to brokers, who are the "lifeblood of WMC's business." (*Id.*, Exh. A at 4, ¶ 22). Tracy Greer, a Business Development Representative who worked closely with plaintiff, described him as "very unprofessional," "a smartass," and "a cancer to WMC and my team." (*Id.*, Exh. A-4). On September 5, 2003, a disgruntled broker told defendant he would no longer do business with WMC because plaintiff was rude and uncooperative when questioned about his progress on a loan package. (*Id.*, Exh. A-5). Plaintiff was terminated by the company four days later. (*Id.*, Exh. A at 4, ¶ 25 & Exh. C at 2, ¶ 7). He was replaced by another African-American who still works for defendant. (*Id.*, Exh. A at 4, ¶ 28).

Believing he had been the victim of race discrimination, plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found no evidence of discrimination and issued a right-to-sue letter. (*See* Plf. First Am. Pet. at 2, ¶ 5). On December 31, 2003, plaintiff, appearing *pro se*, filed suit in Texas state court for race discrimination under Title VII and breach of contract. Defendant timely removed the case to federal court and now seeks summary judgment as to all claims and causes of action.[2] The issues have been briefed by the parties and the motion is ripe for determination.

---

[2] Federal subject matter jurisdiction is proper because plaintiff's race discrimination claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The burden then shifts to the nonmovant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.[3]

A.

Defendant first argues that plaintiff cannot establish the essential elements of his race discrimination claim. In order to prove race discrimination under Title VII, plaintiff must establish

---

[3] In his response, plaintiff objects to certain statements contained in the declarations of Tammi Burt, Vivian Forr, and Fred Brewster, as well as various documents appended to those declarations. (*See* Plf. MSJ Resp. at 3-5). To the extent the court relies on any of this evidence, it is for background information only. None of the evidence objected to by plaintiff is relevant to the disposition of the summary judgment motion. Consequently, the objections are overruled as moot. *See Anderson v. Park Place Motorcars, Ltd.*, 159 F.Supp.2d 391, 393 (N.D. Tex. 2001).

a *prima facie* case of intentional discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). This requires plaintiff to show that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) either he was replaced by someone outside the protected class or similarly situated employees outside his protected class were treated more favorably. *See Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997); *Thomas v. TPI Staffing, Inc.*, 2005 WL 1562462 at *3 (S.D. Tex. Jun 29, 2005).

Once plaintiff establishes a *prima facie* case, a presumption of discrimination arises. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *Burdine*, 101 S.Ct. at 1094. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. *Hicks*, 113 S.Ct. at 2749; *see also Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). This is only a burden of production, not persuasion. Once a legitimate explanation is proffered by the defendant, the plaintiff must prove that the reason given is merely pretextual. *Hicks*, 113 S.Ct. at 2749; *McDonnell Douglas*, 93 S.Ct. at 1825.

In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), a unanimous Supreme Court clarified the standard applicable to the final step of the *McDonnell Douglas* burden-shifting analysis. *Reeves* rejected the notion that a plaintiff must always introduce additional evidence of discrimination, over and above his *prima facie* case, to prove that the employer's proffered explanation is false:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In

>appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

*Id.*, 120 S.Ct. at 2108-09 (citations and punctuation omitted). The Fifth Circuit has since repudiated its "pretext plus" standard, which required a plaintiff to introduce additional, independent evidence of discrimination at the final step of the burden-shifting analysis, as inconsistent with Reeves. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Ratliff v. City of Gainesville, Texas*, 256 F.3d 355, 361-62 & n. 7 (5th Cir. 2001); *Blow v. City of San Antonio, Texas*, 236 F.3d 293, 297-98 (5th Cir. 2001); *Evans v. City of Bishop*, 238 F.3d 586, 591-92 (5th Cir. 2000); *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 223 (5th Cir. 2000). *But see Vadie v. Mississippi State University*, 218 F.3d 365, 373 n. 23 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 859 (2001) (commenting that "pretext plus" standard is generally consistent with *Reeves* ). Thus, where a plaintiff establishes a *prima facie* case of discrimination, he may survive summary judgment merely by showing that the explanation proffered by the defendant for its employment decision is "unworthy of credence." *Burdine*, 101 S.Ct. at 1095, *citing McDonnell Douglas*, 93 S.Ct. at 1825-26.

1.

The court initially observes that plaintiff makes no attempt to prove that he was replaced by someone outside his protected class or that similarly situated employees outside his protected class were treated more favorably. The unchallenged evidence establishes that plaintiff was replaced by

Adrian Harry, an African American. (Def. MSJ App., Exh. A at 4, ¶ 28). Although plaintiff alleges that "other similarly situated whites were treated more favorably then [sic] Plaintiff[,]" (*see* Plf. MSJ Resp. at 6), he offers no evidence to support that assertion. *See Moore v. United Parcel Service*, 2004 WL 2339792 at *6 (N.D. Tex. Oct. 15, 2004) (granting summary judgment in favor of employer where plaintiff failed to present admissible evidence showing that two white employees received more favorable treatment for similar violations of company policy). Thus, plaintiff cannot establish a *prima facie* case of race discrimination.[4]

2.

Nor has plaintiff demonstrated that the explanation proffered by defendant for its employment decision was pretextual. Defendant maintains it terminated plaintiff for "[m]aking malicious, false, or derogatory statements that may damage the integrity or reputation of the Co[mpany], its employees or customers" and for exhibiting "[r]ude or discourteous conduct toward supervisor, fellow employees, customers or visitors." (Def. MSJ App., Exh. A at 4, ¶ 26). Courts have held that this constitutes a legitimate, nondiscriminatory reason for terminating an employee. *See Rachid*, 376 F.3d at 312; *Thornton v. Neiman Marcus*, 850 F.Supp. 538, 544 (N.D. Tex. 1994). In order to survive summary judgment, plaintiff must adduce evidence that at least suggests that defendant's explanation is "unworthy of credence." *Reeves*, 120 S.Ct. at 2108. Plaintiff attempts to discharge this burden by simply denying he was rude, unprofessional, or uncooperative in his dealings with supervisors, co-workers, and brokers. (*See* Plf. MSJ Resp., Exh. 1). He specifically denies the accusations made by the broker which led to his termination. (*Id.*, Exh. 1 at ¶ 9).

---

[4] Defendant also argues that plaintiff was not qualified for the position he held. (Def. MSJ Br. at 17). However, the record shows that plaintiff has a bachelor's degree from a four-year university, an MBA, and several years of work experience in the mortgage industry. (*See* Def. MSJ App., Exh. A-1). This at least creates a fact issue as to whether plaintiff was qualified to work as a Internal Sales Support Representative.

However, the relevant inquiry at this stage of the *McDonnell Douglas* test is not whether plaintiff was actually rude, discourteous, or uncooperative. Rather, the issue is whether defendant had a good faith belief that the complaints made against plaintiff were true and based its termination decision on that belief. *See Waggoner v. City of Garland, Texas*, 987 F.2d 1160, 1165 (5th Cir. 1993); *Thomas*, 2005 WL 1562462 at *4. Plaintiff offers no evidence, other than his own self-serving denials, to suggest that the reason proffered by defendant for its employment decision was false or that race was a motivating factor in his termination. Therefore, defendant is entitled to summary judgment with respect to plaintiff's Title VII claim.

B.

Defendant further contends that plaintiff cannot establish the elements of his contract claim under Texas law. In particular, defendant maintains that Vivian Forr did not have the authority to guarantee plaintiff's employment for the first year and that, in any event, the oral promise allegedly made by Forr is too vague and is not enforceable under the parole evidence rule. Plaintiff does not even address this contract claim in his response, much less adduce evidence to establish a genuine issue of material fact for trial. Under such circumstances, the court is permitted to accept defendant's evidence as undisputed. *Tutton v. Garland Independent School Dist.*, 733 F.Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). In her declaration, Forr states that she lacked any authority to make an oral contract with plaintiff for any term of employment. (Def. MSJ App., Exh. B at 2, ¶ 7). Forr explained this to plaintiff and told him any hiring decisions would be made by her manager. (*Id.*, Exh. B at 1, ¶ 5).[5] Without either actual or apparent authority, there can be no employment contract. *See Boyce v. Bank of America Technology and Operations, Inc.*, 2004 WL 2545015 at *12 (N.D. Tex. Nov 10, 2004). Defendant is entitled to summary judgment as to this claim.

---

[5] The court notes that plaintiff does not object to this part of Forr's declaration. (*See* Plf. MSJ Resp. at 4, ¶ 13).

**RECOMMENDATION**

Defendant's motion for summary judgment should be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE